## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| Brud Rossmann, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER AND REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| Smiley, et. al., | ) | |
| | ) | Case No. 1:17-cr-275 |
| Defendants. | ) | |

The plaintiff, Brud Rossmann ("Rossmann"), initiated the above-entitled action *pro se* with the submission of an application to proceed *in forma pauperis* and a proposed Complaint. For the reasons set forth below, the undersigned grants Rossmann's application to proceed *in forma pauperis*, waives the filing fee, and directs the Clerk's office to file the Complaint. The undersigned further recommends that the above-entitled action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**I.    BACKGROUND**

The number of defendants Rossmann is endeavoring to sue is legion. What they have done to raise Rossmann's ire is unclear. Rossmann's Complaint is ostensibly a string of non sequiturs punctuated by the occasional racial, ethnic, and/or gender slur. As best as the undersigned can discern, this matter has something to do with Rossmann's SSI benefit and a travel ban to which Rossmann believes he has been subjected.

This is not the first such suit filed by Rossmann. He previously filed a suit in this district that was predicated in part on the perceived travel ban. See Rossmann v. Duke, et. al., Case No. 1:17-cv-254 (D.N.D.). His pleadings in the instant suit incorporate by reference similar pleadings that he apparently filed in other districts. And initiating the instant suit, he contemporaneously initiated

1

a third suit in this district over what appeared to be an issue with his SSI benefit and the perceived travel ban. Rossmann v. Bowser, et. al., Case No. 1:17-cv-276 (D.N.D.).

**II.    DISCUSSION**

    **A.    Waiver of Filing Fee**

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). There is no bright-line test for determining whether a litigant qualifies to proceed *in forma pauperis*, and the decision whether to grant or deny such a motion lies within the sound discretion of the trial court. See id.; see also Helland v. St. Mary's Duluth Clinic Health Sys., Civil No. 10-31, 2010 WL 502781, at \*\*1-2 (D. Minn. Feb. 5, 2010).

Having reviewed Rossmann's financial affidavit, the undersigned finds that he lacks the financial resources to pay the filing fee. Consequently, the undersigned **GRANTS** his application to proceed *in forma pauperis*, waives the filing fee, and directs the Clerk's office to file his Complaint. This does not end the undersigned's analysis, however.

    **B.    Application of § 1915(e)(2)**

Notwithstanding Rossmann's financial eligibility to proceed *in forma pauperis*, the court may, pursuant to 28 U.S.C. § 1915(e)(2), "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying the standard, the court must accept the plaintiff's factual allegations as true. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Although Rossmann professes to be an attorney, he is proceeding *pro se* and is therefore entitled to a liberal construction of his Complaint. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). That being said, in construing his Complaint, the court "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

Rossmann's Complaint is problematic in several respects. First, it neither describes with any coherence when, how, or by whom Rossmann was allegedly wronged nor adequately articulates a basis to venue this dispute in this district. Thus, as drafted, it fails to meet the most lenient of pleading standards. Second, Rossmann's claims are not only vague and conclusory, the majority of them are clearly fanciful, fantastic, and delusional, particularly when viewed in conjunction with the sheer number of defendants against whom he is seeking relief. Third, there is nothing in the Complaint to support this court's exercise of personal jurisdiction; it is utterly devoid of indication that the conduct to which he takes offense occurred in North Dakota or that any of the alleged players had any meaningful contact with or connection to North Dakota. See Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (recognizing that court may properly conclude, *sua sponte*, that the action should be summarily dismissed when an indigent plaintiff's complaint is

devoid of any allegations supporting personal jurisdiction); see also Trujilo v. Williams, 465 F.3d 1210, 1216-17 (10th Cir. 2006) ("In the context of affirmative defenses, we have cautioned that *sua sponte* dismissal on such grounds should be reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense. The same caution applies to *sua sponte* dismissals for lack of personal jurisdiction and improper venue. Accordingly, under § 1915, the district court may consider personal jurisdiction and venue sua sponte only when the defense is obvious from the face of the complaint and no further factual record is required to be developed. And the district court may dismiss under § 1915 only if it is clear that [the plaintiff] can allege no set of facts.") (internal citations and quotation marks omitted)).[1]

Finally, pleading deficiencies aside, the court cannot ignore statements made by Rossmann in the Complaint that suggest that he has recently initiated the same or similar actions in other judicial districts. For example, Rossmann asserts:

> 36. Brud Russman has summarized the factual background previously in numerous complaints. See e.g., Brudd Rossmann v. Pompeo; Brud Rossmann v. Trump; Berryhill; Brud Rossmann v. Patterson, Maher et. al.; Brud Rossmann v. McVeigh; Brud Rossmann v. Duke.
>
> 37. Brudd Rossmann has also summarized these facts in <u>dozens</u> of prior hard copy transmissions, correspondence, confirmed received by HIGH or highest level officials for decades . . . .

(Doc. No. 1-1, p. 23) (emphasis in original).

Drawing in part upon the United States Supreme Court holding in <u>Colorado River Water Conservation District v. United States</u>, the Eighth Circuit has discerned a prudential limitation on the exercise of federal jurisdiction: "Plaintiffs may not pursue multiple federal suits against the same

---

[1] Rossmann included a Bismarck, North Dakota, address in the caption of his Complaint. (Doc. No. 1-1). However, the envelope in which he mailed the application to proceed *in forma pauperis*, Complaint, and supporting documents has a Washington, D.C. return address. (Doc. No. 1-6).

party involving the same controversy at the same time." Missouri ex. rel. Nixon v. Prudential Heath Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) (citing Colorado River Water Conservation District, 424 U.S. 800, 817 (1976) (holding that, held that in truly exceptional circumstances, a federal court could dismiss a properly-filed action in favor of concurrent, identical state-court litigation); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("As a general rule, a federal suit may be dismissed for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court." (internal quotation marks omitted); Zerilli v. Evening News Ass'n, 628 F.2d 217, 222 (D.C.Cir.1980) ( opining that "a plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." (internal quotation marks omitted)); Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1977) (same).

If the above-entitled action indeed mirrors others filed by Rossmann in other districts, then it would be subject to dismissal. Thus, should the court conclude that Rossmann's pleadings provide defendants with adequate notice of his claims, it should nevertheless require a demonstration by Rossmann that the above-entitled action is not duplicative of his other lawsuits in order to proceed with the instant action.

### III. CONCLUSION AND RECOMMENDATION

Rossmann's application to proceed in forma pauperis (Doc. No. 1) is **GRANTED**. The Clerk's office shall file the Rossmann's Complaint.

The undersigned **RECOMMENDS** that Rossmann's Complaint be **DISMISSED WITHOUT PREJUDICE** for the reasons set forth above. Further, if Rossmann objects to the dismissal of his Complaint, he is **ORDERED** to show cause why this action should not be dismissed

as duplicative of his other actions.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond. In this case, the court will give Rossmann twenty-one days, or until January 23, 2018, to file his objections and to show cause as required above.

**IT IS SO ORDERED.**

Dated this 2nd day of January, 2018.

                                                    */s/ Charles S. Miller, Jr.*
                                                  Charles S. Miller, Jr., Magistrate Judge
                                                  United States District Court